HARRY TOFFEL, Appellant, v. HARRY ODZER et al., Respondents.— In an action to recover damages for inducing the breach of a contract, the appeal is (1) from an order dated December 20, 1956 granting respondents' motion to dismiss the second amended complaint for insufficiency, pursuant to rule 106 of the Rules of Civil Practice, (2) from a resettled order dated January 30, 1957 granting said motions and directing the entry of judgment dismissing the second amended complaint upon the merits, and (3) from the judgment entered pursuant to the aforesaid resettled order dismissing said second amended complaint on the merits. The contract was between appellant and one Mufson, not a party to this action. Order dated January 30, 1957 modified by striking therefrom the last paragraph and by substituting therefor a provision that appellant may plead over, on payment of $10 costs. As so modified, order unanimously affirmed, with one bill of $10 costs and disbursements payable to respondents, and judgment vacated. The further amended complaint is to be served, if appellant be so advised, within 20 days after the entry of the order hereon. Appeal from order dated December 20, 1956 dismissed, without costs. By appealing from the order granting resettlement of the original order, appellant

waived the right to prosecute the appeal from the original order (cf. *Edell* v. *Edell*, 279 App. Div. 657; *Van Valkenburgh* v. *Lutz*, 6 A D 2d 812). We agree with the learned Justice at Special Term that the second amended complaint is insufficient. It alleges that respondents induced Mufson to breach an option agreement which obligated him to submit to appellant certain documents and data, so as to permit appellant to make an election as to whether or not he would exercise an option to purchase certain corporate stock and notes. It is alleged that respondents induced Mufson to breach the agreement by refusing to submit to appellant the documents and data and by refusing (we assume by such means) to afford appellant the opportunity to elect whether or not to exercise the option, to his damage. However, it is also alleged that appellant demanded delivery of the stock and notes, despite such lack of opportunity to make such election, and offered to pay therefor. It is not alleged that Mufson's failure to submit the documents and data caused appellant to lose any rights under the option agreement, and it would thus appear, from the allegations of the said complaint that appellant suffered no damage from the alleged breach or its inducement by respondents. Insofar as appellant has attempted, if that is his intention, to plead a cause of action for inducing Mufson to breach his agreement by refusing to deliver the stock and notes on demand, the said complaint is likewise insufficient. It does not plead facts sufficient to establish the terms of the option agreement or that the demand was timely, or otherwise in accord with the provisions thereof, but contains for the most part allegations of legal conclusions with respect to such matters. The allegations of the said complaint are so inconsistent and irreconcilable that no cause of action is pleaded on either theory. If appellant intends to plead inconsistent causes of action, they should be alleged as provided by sections 258 and 241 of the Civil Practice Act. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.